
COPY

# IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
# FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**TAWANYA BELL** and
**JEANETTE BELL**,

  Plaintiff(s),

Vs.

**NATIONWIDE MUTUAL INSURANCE COMPANY** A/K/A NATIONWIDE GENERAL INSURANCE COMPANY A/K/A NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA A/K/A NATIONWIDE ASSURANCE COMPANY A/K/A NATIONWIDE INSURANCE COMPANY OF AMERICA A/K/A NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and/or A/K/A NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY,

  Defendant(s).

Docket No: CT-002098-11

Div: VIII

**JURY DEMAND**

FILED
MAY 0 3 2011
CIRCUIT COURT CLERK
BY_____DC

## COMPLAINT

**COMES NOW**, Plaintiff TAWANYA BELL and JEANETTE BELL, by and through their undersigned counsel as a residents of Memphis, Shelby County, Tennessee, and respectfully request that this Court recognize the following injuries to the Plaintiff who has incurred damages as a consequence of Defendants and as a consequence of those damages caused by the Defendants, brings this lawsuit against Defendants, NATIONWIDE MUTUAL INSURANCE COMPANY, a.k.a, NATIONWIDE GENERAL INSURANCE COMPANY, a.k.a, NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, a.k.a, NATIONWIDE ASSURANCE COMPANY, a.k.a, NATIONWIDE INSURANCE COMPANY OF AMERICA, a.k.a,


EXHIBIT A

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, a.k.a, and NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, for unfair, deceptive and unlawful trade practices, breach of contract and for bad faith failure to pay the Plaintiffs' legitimate insurance loss claim promptly, connected with the homeowners and casualty insurance policy covering the Plaintiffs' home located at and municipally known as 1454 Abernathy Road, Memphis, Shelby County, Tennessee 38116 and in support thereof, would respectfully show this Honorable Court as follows:

## INTRODUCTION

1. This action is brought by a consumer to secure redress for unfair, deceptive and unlawful trade practices, breach of contract, bad faith failure to pay the Plaintiffs' legitimate insurance loss claim promptly, and other acts perpetrated by Defendant against the Plaintiffs. The Plaintiffs allege that the Defendant's unfair, deceptive and unlawful trade practice, breach of contract, bad faith failure to pay the Plaintiffs' legitimate insurance loss claim promptly, concerns an insurance contract, homeowners and casualty insurance policy covering the Plaintiffs' home located at and municipally known as 1454 Abernathy Road, Memphis, Shelby County, Tennessee 38116 entered into between the Plaintiffs and Defendant.

2. In this action, Plaintiffs allege that Defendant's practices violated the Tennessee Consumer Protection Act, T.C.A. § 47-18-101 *et seq* prohibiting unfair and deceptive acts and practices in connection with consumer purchases and the Defendant's practices concerning the sale and issuance of an insurance contract, homeowners and casualty insurance policy covering the Plaintiffs' home located at and municipally known as 1454 Abernathy Road, Memphis, Shelby County, Tennessee 38116 entered into between the Plaintiffs and Defendant. The Plaintiffs also allege that the Defendant breached the insurance contract entered into between the Plaintiffs and Defendant, and further the Defendant refused and failed to pay the loss of the Plaintiffs pursuant to the insurance contract and did so in bad faith as set forth in T.C.A. § 56-7-105. All of which are set

forth below. Plaintiffs seek compensatory and punitive damages, statutory damages and attorney's fees, and in addition declaratory and injunctive relief.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiffs TAWANYA BELL and JEANETTE BELL are residents of Memphis, Shelby County, Tennessee.

4. Defendant NATIONWIDE MUTUAL INSURANCE COMPANY, a.k.a, NATIONWIDE GENERAL INSURANCE COMPANY, a.k.a, NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, a.k.a, NATIONWIDE ASSURANCE COMPANY, a.k.a, NATIONWIDE INSURANCE COMPANY OF AMERICA, a.k.a, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, a.k.a, and NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, (hereinafter "Nationwide") are foreign insurance companies authorized to market and sell insurance policies, for profit, to the residents and consumers of the State of Tennessee under the laws of the State of Tennessee. The Plaintiffs entered into an insurance policy with the Defendant insuring the Plaintiffs' home at 1454 Abernathy Road, Memphis, Shelby County, Tennessee 38116. The Plaintiffs were not able to determine which one of the listed Nationwide entities actually entered into the insurance agreement and policy with the Plaintiffs, therefore, the Plaintiffs have brought suit against all of the Nationwide entities authorized to market and sell insurance policies to consumers like the Plaintiffs and should be able to determine the proper party through the discovery process. The Plaintiffs also alleges that they paid Nationwide's premiums for the insurance contract and Nationwide accepted the Plaintiffs' money, but when the Plaintiffs incurred a loss by means of a fire which totally destroyed the Plaintiffs' home and all of their contents, the Defendant, in bad faith failed and refused to pay the Plaintiffs' loss pursuant to the insurance contract.

5. Defendants Nationwide conducts trade and commerce in the State of Tennessee pursuant to the Tennessee Consumer Protection Act of 1977, T.C.A. § 47-18-101 *et seq.*

6. Plaintiffs TAWANYA BELL and JEANETTE BELL are consumers pursuant to the Tennessee Consumer Protection Act of 1977, T.C.A. § 47-18-101 et seq.

7. Jurisdiction and venue are proper in this Court. See T.C.P.A. §47-18-109(a)(2)("[t]he action may be brought in a court of competent jurisdiction...in the county in which such person...conducts, transacts, or has transacted business...."), *Steed Realty v. Oveisi,* 823 S.W.2d 195, 198 (Tn. App. 1991).

## FACTS

8. Plaintiffs TAWANYA BELL and JEANETTE BELL entered into an insurance policy with the Defendant insuring the Plaintiffs' home at 1454 Abernathy Road, Memphis, Shelby County, Tennessee 38116. The Plaintiffs purchased the insurance from the Defendant and entered into the insurance contract with the Defendant on or about October 1, 2009. Since the date the Plaintiffs purchased the insurance they paid Nationwide's premiums as provided by the insurance contract to the Defendant and the Defendant accepted the premium payments.

9. On or about September 24, 2010 a fire completely destroyed the Plaintiffs' home. The Memphis fire department investigated the fire and determined that the fire was caused by electrical problems and not by arson. The fire completely destroyed the Plaintiffs' home along with all of the Plaintiffs' personal property located in the home. The Plaintiffs filed a claim with the Defendant for the total loss of their home plus the personal contents. Agents of the Defendant investigated the claim for the loss. A formal written demand was made on the Defendant by and through the Plaintiffs' counsel on February 7, 2011 for the Defendant to pay the Plaintiffs' claim for loss within sixty (60) days of the date of the demand letter as required by T.C.A. § 56-7-105.

The Defendant have not paid the Plaintiffs' claim for the total loss of the Plaintiffs' home and all of their personal property as required by T.C.A. § 56-7-105 even though the Plaintiffs have completely and fully cooperated with the Defendant in their investigation of the Plaintiffs' claim and the Defendant have unreasonably delayed the Plaintiffs' claims.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

## TENNESSEE CONSUMER PROTECTION ACT OF 1997

Plaintiffs incorporate and re-allege all of the foregoing paragraphs the same as if set forth at length herein verbatim.

10. The Plaintiffs bring their claims under the Tennessee Consumer Protection Act of 1977, §§47-18-101, *et seq.*, all of which are hereinafter referred to collectively as the "TCPA". Since 1977, the Tennessee legislature through the TCPA has declared that "unfair or deceptive acts or practices affecting the conduct of any trade or commerce constitute unlawful acts". TCPA § 47-18-104(a).

The TCPA states:

**Purposes.**—The provisions of this part shall be liberally construed to promote the following policies:
. . .
(2) To protect consumers...from those who engage in unfair or deceptive acts or practices and the conduct of any trade or commerce in part or wholly within the state. T.C.P.A. § 47-18-102(2).

The TCPA defines "trade" or "commerce" as follows:

> (9) "Trade," "commerce," of "consumer transaction" means the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated.

T.C.P.A. § 47-18-103(9).

11. T.C.P.A. § 47-18-104 states that it is a violation of the TCPA to use "unfair or deceptive acts or practices affecting the conduct of any trade or commerce".

Among the acts declared to be unlawful by the TCPA are the following:

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have...

(7) Representing that goods or services are of a particular standard, quality or grade...if they are of another...

(12) Representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involved or which are prohibited by law...

(27) Engaging in any other act or practice which is deceptive to the consumer or to any other person.

TCPA §§ 47-18-104(5), (7), (12), & (27).

Each of the above quoted subsections of the TCPA was violated as to the Plaintiffs when they purchased insurance from the Defendant and the Defendant promised that the Plaintiffs' home would be covered for loss against fire damage and after the loss the Plaintiffs filed a claim and made a formal demand upon the Defendant for the Defendant to pay the Plaintiffs' claim for the total loss of the Plaintiffs' home and all of their personal property located in the home and the Defendant, even though the Plaintiffs have completely and fully cooperated with the Defendant in the investigation of the Plaintiffs' claim, the Defendant has unreasonably delayed the Plaintiffs' claim and failed to pay pursuant to the insurance contract, and therefore, the Plaintiffs sustained a substantial loss and damages for which they now sue.

12. Plaintiffs sue for all of the above-referenced violations of the TCPA, and allege that such violations were conducted willfully or knowingly and seek the recovery of treble damages and reasonable attorneys' fees and other statutory damages.

## SECOND CLAIM FOR RELIEF

## BREACH OF CONTRACT AND BAD FAITH DENIAL OF INSURANCE CLAIM

Plaintiffs incorporate the entirety of the allegations made above the same as if set forth at length herein verbatim.

13. The Plaintiffs had an enforceable and a valid insurance contract with the Defendant of which the Defendant breached when the Defendant wrongfully and in bad faith unreasonably and willfully failed to pay the Plaintiffs' claim for the total loss of the Plaintiffs' home and all of their personal property as required by T.C.A. § 56-7-105 even though the Plaintiffs have completely and fully cooperated with the Defendant in their investigation of the Plaintiffs' claim and the Defendant have unreasonably delayed the Plaintiffs' claim even after a formal written demand was made on the Defendant by and through the Plaintiffs' counsel on February 7, 2011 for the Defendant to pay the Plaintiffs' claim for loss within sixty (60) days of the date of the demand letter as required by T.C.A. § 56-7-105. The Defendant have not paid the Plaintiffs' claim for the total loss of the Plaintiffs' home and all of their personal property as required by T.C.A. § 56-7-105 even though the Plaintiffs have completely and fully cooperated with the Defendant in their investigation of the Plaintiffs' claim and the Defendant has unreasonably delayed the Plaintiffs' claim to pay for the complete coverage for the total destruction of the Plaintiffs' home and all of their personal property as covered in the insurance contract, all of which is set forth in greater detail hereinabove.

14. The Plaintiffs suffered a loss which was covered by the Defendant pursuant to the insurance contract purchased by the Plaintiffs and after the Plaintiffs incurred the loss, they filed a valid claim with the Defendant and made a formal demand upon the Defendant and the

Defendant failed to pay, in bad faith, the loss within the time period set forth pursuant to Tennessee law in violation of T.C.A. § 56-7-105.

15. The Defendant's breach of the parties contract was willful and malicious and done in bad faith and done to confer benefits upon the Defendant in which the Defendant was not entitled.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiffs TAWANYA BELL and JEANETTE BELL, respectfully prays that upon final hearing or trial hereof they are granted a judgment for recovery against the Defendant for all of their actual, treble and statutory damages allowable under the Tennessee Consumer Protection Act of 1977 and/or the claims of breach of contract and their actual and statutory damages allowable under Tennessee law for the bad faith failure and denial to pay the Plaintiffs' legitimate insurance loss claim promptly in violation of T.C.A. § 56-7-105, including punitive damages and trebling of damages, statutory damages allowable pursuant to T.C.A. § 56-7-105, reasonable attorney's fees, costs of court, costs of the litigation, prejudgment interest at the highest rate allowable by Tennessee law, post judgment interest at the highest rate allowable by Tennessee law, and that this matter be tried before a jury and for such other and further relief, whether at law or in equity, general or special, that this Court deems just and appropriate.

Respectfully Submitted,

_____
Christopher L. Brown #15788
Attorney for the Plaintiff
7518 Enterprise Avenue
Germantown, Tennessee 38138
(901) 759-3900